IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-cv-02829-MSK

**ALPINE BANK, and**
**MID VALLEY REAL ESTATE SOLUTIONS V, LLC,**

    Plaintiffs,

v.

**AMERICAN FAMILY MUTUAL INSURANCE COMPANY,**

    Defendant.

## ORDER REMANDING CASE

**THIS MATTER** comes before the Court *sua sponte*. The Plaintiffs, Alpine Bank and Mid Valley Real Estate Solutions V, LLC, initiated this action in the District Court for Garfield County, Colorado. The Complaint **(#5)** asserts claims for breach of contract and bad faith breach of insurance contract.[1] The Defendant, American Family Mutual Insurance Company, removed the action to this Court. The Notice of Removal **(#1)** cites 28 U.S.C. § 1332 (diversity jurisdiction) as the basis for this Court's subject matter jurisdiction over this action.

A civil action is removable only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a). As the party invoking the federal court's jurisdiction, the Defendant bears the burden of establishing that the requirements for the exercise of jurisdiction

---

[1] The Plaintiffs allege that they are judgment creditors of Sun Mountain Enterprises, LLC. The Plaintiffs bring this action as assignees of Sun Mountain Enterprise's claims against its insurer, the Defendant, for its failure to defend and indemnify in the underlying action. In addition to this action, the Plaintiff Mid Valley Real Estate Solutions V, LLC has initiated a garnishment action against the Defendant in state court, seeking to recover the amount of the judgment. The Defendant removed the garnishment action to this Court, although that case has been assigned to a different judge. Case No. 15-cv-2796.

1

are met. *See Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1079 (10th Cir. 1999). The Court is required to remand "[i]f at any time before final judgment it appears that the [] court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

Diversity jurisdiction exists when the case involves a dispute between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). To meet the diversity requirement, there must be complete diversity between all plaintiffs and all defendants. In other words, no defendant can be a citizen from the same state as any plaintiff. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). In *Siloam Springs Hotel, L.L.C. v. Century Surety Co.*, 781 F.3d 1233 (10th Cir. 2015), the Tenth Circuit held that the citizenship of a limited liability company is determined by reference to the citizenship of each and every one of its members.

Here, neither the Notice of Removal nor the Complaint makes any allegation as to who the members of the Plaintiff LLC are or what their citizenship is. The Notice of Removal alleges, in conclusory fashion, that there is diversity of citizenship between the parties. But as to the Plaintiff LLC, the Notice of Removal alleges only that the Plaintiffs are "citizens and residents" of the State of Colorado. Similarly, the Complaint provides only that the Plaintiff LLC is "a Colorado limited liability company in good standing with its principal place of business located [in Colorado]." The Court finds that these allegations are insufficient to establish complete diversity among the parties. There has been no identification of who the members of the Plaintiff LLC are or their citizenship. Without further specificity, it is impossible to determine whether there is complete diversity among the parties.

Accordingly, the Court finds that the Defendant has failed to establish that this Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. The case is therefore

**REMANDED** to the District Court for Garfield County, Colorado. The Clerk is directed to close this case.

Dated this 2nd day of February, 2016.

**BY THE COURT:**

*/s/ Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge